# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| NORTHEAST IOWA ETHANOL, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> JESSE W. ERWIN, <br><br> Defendant. | No. 07-CV-2008-LRR <br><br> **ORDER** |

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II. PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV. STANDARD FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . *2*

V. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

    A. *Erwin's Failure to Comply with the Local Rules* . . . . . . . . . . . . . . *3*

    B. *Merits of the Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

VI. DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

## *I. INTRODUCTION*

The matter before the court is Plaintiff's Motion for Summary Judgment ("Motion") (docket no. 8-1).

## *II. PROCEDURAL BACKGROUND*

On February 21, 2007, Plaintiff Northeast Iowa Ethanol, LLC ("NEIE") filed a Complaint against Defendant Jesse W. Erwin ("Erwin"). The Complaint alleges one claim of breach of contract in violation of Iowa law. On March 26, 2007, Erwin filed a pro se Answer.

On June 28, 2007, NEIE filed the Motion. On July 26, 2007, Erwin filed "Defendant Jesse Erwin's Response to Plaintiff's Motion for Summary Judgment" ("Resistance") (docket no. 9). On July 30, 2007, NEIE filed a reply.

Neither party requests oral argument, and the court finds that oral argument is not necessary. The Motion is fully submitted, and thus the court turns to consider it.

### III. JURISDICTION

NEIE invokes this court's diversity subject matter jurisdiction, pursuant to 28 U.S.C. § 1332. There is complete diversity between the opposing parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (construing § 1332(a) to find a requirement that "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). NEIE is a limited liability company with its principal place of business in Manchester, Iowa. Erwin is a resident of Ohio. The amount in controversy exceeds $75,000.00. Therefore, the court is satisfied that it has subject matter jurisdiction over this matter.

### IV. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it is a fact that "might affect the outcome of the suit under the governing law." *Id*. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which

show a lack of a genuine issue." *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see, e.g., Baum v. Helget Gas Prods., Inc.,* 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. ANALYSIS

### A. Erwin's Failure to Comply with the Local Rules

Local Rule 56.1.b requires a party opposing summary judgment to file a response to the moving party's statement of material facts, a statement of additional material facts and an appendix. *See* LR 56.1.b (stating that "[a] party resisting a motion for summary judgment must . . . file contemporaneously" a brief, a response to the statement of material facts, a statement of additional material facts and an appendix). In pertinent part, Local Rule 56.1.b provides:

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record. *The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact*.

3

*Id.* (emphasis added). After NEIE filed its statement of undisputed material facts, Erwin filed the Resistance, but the Resistance consists only of a one-page response and a three-page brief. *See* Resistance (docket no. 9). The Resistance, therefore, does not comply with Local Rule 56.1.b.[1]

Under such circumstances, the court deems all of NEIE's statements of material fact to be admitted. LR 56.1.b; *see, e.g., Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032-33 (8th Cir. 2007) (discussing an identical local rule in the Southern District of Iowa and affirming the district court's decision to deem all statements of material fact to be admitted). The court is not required to "'engag[e] in the proverbial search for a needle in the haystack.'" *Libel*, 482 F.3d at 1032 (quoting *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." *Id.* Once all facts are deemed admitted, summary judgment is clearly appropriate.

The court shall grant the Motion due to Erwin's failure to comply with the Local Rules. *See* LR 56.1.

### B. Merits of the Motion

Alternatively, the court shall consider the merits of the Motion. *See Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment . . . stands unopposed, the district court must still

---

[1] The court is cognizant of the fact that Erwin appears pro se in this matter and, consequently, his pleadings must be liberally construed and held to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that the Supreme Court holds pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers"). However, such a standard does not negate the requirements that Erwin follow the Federal Rules of Civil Procedure, the Local Rules and present evidence showing a dispute of material facts.

4

determine that the moving party is entitled to judgment as a matter of law . . . ."). The court has investigated the record in search of unidentified issues of material fact and analyzed the facts in light of the governing law and the parties' arguments.

The Complaint alleges breach of contract based on Erwin's alleged failure to make payments under a settlement agreement.[2] *See Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998) (setting forth the elements for a breach of contract action). NEIE alleges that, due to Erwin's failure to make payments pursuant to the terms of the settlement agreement, it is entitled to a judgment in the amount of $208,500.00.

The facts show that the parties entered into a settlement agreement in February of 2006, and Erwin agreed to pay NEIE $58,500.00 over a two-year period in quarterly payments of $4,524.18. Erwin agreed that if he failed to make a payment, judgment would enter against him in the amount of $208,500.00. At the time of the settlement agreement, Erwin made an initial payment of $25,000.00. Pursuant to the terms of the settlement agreement, Erwin made additional payments of $4,524.18 in March, June and September of 2006. In Erwin's Resistance, he states that he made "in excess of [$38,000.00] in payments to [NEIE] before he experienced health problems and was unable to work on and off for an extended period of time."[3] Resistance (docket no. 9-2), at 1; *see Baer Gallery,* 450 F.3d at 820 (requiring the court to view the facts in the light

---

[2] The settlement agreement resolved NEIE's claims against Erwin in *Northeast Iowa Ethanol, LLC v. Global Syndicate Int'l, Inc.*, No. 06-1833, 2007 WL 2580249 (8th Cir. Sept. 10, 2007) (per curiam) (unpublished). *See generally Northeast Iowa Ethanol, LLC v. Drizin*, No. C03-2021, 2006 WL 290517, *8 (N.D. Iowa Feb. 7, 2007) ("Mr. Erwin settled before trial and did not attend the trial.").

[3] The court notes that Erwin did not submit an affidavit or other documentation of such payments. *See* Fed. R. Civ. P. 56(e) (requiring "affidavits made on personal knowledge" and "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit").

most favorable to the non-moving party and afford it all reasonable inferences). At the time the Motion was filed on June 28, 2007, however, Erwin had failed to make three payments—the December 23, 2006 payment, the March 23, 2007 payment and the June 23, 2007 payment.

Viewing the facts in the light most favorable to Erwin, the court finds that NEIE has satisfied the breach of contract elements and no jury could find in favor of Erwin on the claim. NEIE is entitled to judgment as a matter of law.

## *VI. DISPOSITION*

For the foregoing reasons, the court hereby **ORDERS**:

(1) NEIE's Motion (docket no. 8) is **GRANTED**;

(2) The Clerk of Court is directed to **ENTER JUDGMENT** in favor of NEIE and against Erwin; and

(3) Erwin is directed to **PAY ALL COSTS** of this action.

**IT IS SO ORDERED.**
**DATED** this 18th day of September, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6